

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 04C 7260 |
| FIRST HEALTH GROUP CORPORATION, | ) ) ) | Judge Darrah |
| Defendant. | ) ) ) | Magistrate Judge Schenkier |

## CONSENT DECREE

### THE LITIGATION

1.       Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant First Health Group Corp. ("First Health") violated the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 et seq., by retaliating against John Saldok ("Saldok" or "Charging Party") for filing a charge of discrimination under the ADEA. First Health filed an answer denying these allegations.

2.       In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

3.       This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC. Nothing in this Consent Decree shall be deemed to constitute an admission by either party with respect to the claims or defenses of the other.

## FINDINGS

4.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.    This Court has jurisdiction of the subject matter of this action and of the parties.

b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, First Health, the Charging Party and the public interest are adequately protected by this Decree.

c.    This Decree conforms with the Federal Rules of Civil Procedure, the ADEA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA and will be in the best interests of the parties, the Charging Party, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-RETALIATION

5.    First Health, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADEA, filed a Charge of Discrimination under the ADEA, mediated a Charge of Discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

## MONETARY RELIEF

6.     First Health shall pay $122,500 to the Charging Party, Mr. John Saldok, in full settlement of this case.

7.     Within five (5) business days after entry of this Decree, EEOC will mail to the Charging Party a copy of the Release Agreement attached as Exhibit A. Within five (5) business days after receipt by EEOC of a signed Release Agreement, EEOC shall mail the Release Agreement to First Health. Within five (5) business days after receipt by Defendant of a signed Release Agreement, First Health shall issue and mail by certified mail to the Charging Party a check in the amount set forth above in ¶ 6. EEOC shall provide Defendant with the current address for the Charging Party. Defendant will also send a copy of the check to EEOC.

## POSTING OF NOTICE

8     Within ten (10) business days after entry of this Decree, First Health shall post copies of the Notice attached as Exhibit B to this Decree at its Downers Grove facility on the bulletin boards usually used by First Health for communicating with its employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. First Health shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. First Health shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. First Health shall permit a representative of EEOC to enter First Health's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

-3-

## **RECORD KEEPING**

9.      First Health shall maintain and make available for inspection and copying by

EEOC, for a period of two (2) years following entry of this Decree, records (including names,

social security numbers, addresses, and telephone numbers) of each employee at its Downers

Grove facility who complains of retaliation.

10.      First Health shall make all documents or records referred to in Paragraph 9 above

available for inspection and copying within ten (10) business days after EEOC so requests. In

addition, First Health shall require personnel within its employ whom EEOC reasonably requests

for purposes of verifying compliance with this Decree to cooperate with EEOC and to be

interviewed.

## **REPORTING**

11.      First Health shall furnish to EEOC the following written reports semi-annually for

a period of two (2) years following entry of this Decree. The first report shall be due six (6)

months after entry of the Decree. The final report shall be due twenty-three (23) months after

entry of the Decree. Each such report shall contain:

(a)      A summary of the information recorded by First Health pursuant to Paragraph 9;

(b)      A certification by First Health that the Notice required to be posted in Paragraph

8, above, remained posted during the entire six (6) month period preceding the report.

## **ADOPTION AND DISTRIBUTION OF POLICY**
## **AGAINST RETALIATION**

12.      First Health has adopted a new employee handbook effective July 1, 2005, which

includes a policy against retaliation. Copies of the policy against retaliation will be provided via

First Health's intranet to employees at the time that they start work for First Health. Every employee is required to sign an acknowledgment form indicating that they have read and understand First Health's handbook.

The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of First Health's anti-retaliation policy.

## TRAINING

13.     During the first year of this Decree, all of First Health's supervisory and managerial employees located at its Downers Grove facility shall participate in a training session performed by a Human Resources representative from First Health regarding retaliation. All current Human Resources employees at First Health shall also participate in such training, and any new Human Resources employee shall receive such training prior to starting work. A registry of attendance shall be maintained. The first training shall take place within one hundred eighty (180) days of entry of this Decree.

14.     First Health shall obtain EEOC's approval of its proposed trainer prior to the training session. First Health shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve First Health's designated trainer, First Health shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then

-5-

they may seek the Court's assistance under ¶ 16.

15.     First Health shall certify to EEOC in writing within five (5) business days after all of the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance. At the same time that the certification is provided, First Health will also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

16.     In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 16, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the

Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

18.    Each party to this Decree shall bear its own expenses, attorney's fees and costs.

19.    The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of First Health.

20.    When this Decree requires the submission by First Health of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: First Health ADEA Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661.  When this Decree requires submission by EEOC of materials to First Health, they shall be mailed to: Margaret F. Woulfe, Davis McGrath LLC, 125 South Wacker Drive, Suite 1700, Chicago, Illinois 60606.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

For First Health
Davis McGrath LLC
125 South Wacker Drive, Suite 1700
Chicago, Illinois 60606

MARGARET F. WOULFE, ESQ.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 886-1718

JOHN C. HENDRICKSON
Regional Attorney

DIANE I. SMASON
Supervisory Trial Attorney

AARON R. DECAMP
Trial Attorney

DATE: November 10, 2005

ENTER:
The Honorable John W. Darrah
United States District Judge

-8-

# EXHIBIT A

## **RELEASE AGREEMENT**

I, John Saldok, for and in consideration of the sum of $122,500 payable to me pursuant to

the terms of the Consent Decree entered by the Court in <u>EEOC v. First Health Group Corp</u>, No.

04 C 7260 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby

forever release, waive, remise, acquit, and discharge First Health Group Corp. ("First Health"),

and all past and present shareholders, officers, agents, employees, and representatives of First

Health, as well as all successors and assignees of First Health, from any and all claims and

causes of action of any kind which I now have or ever have had under the Age Discrimination in

Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 et seq., as a result of or arising from

the subject matter and claims which were or which could have been asserted in <u>EEOC v. First</u>

<u>Health Group Corp.</u>, No. 04 C 7260 (N.D. Ill.).


_____          _____
Date                             Signature

# EXHIBIT B

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. First Health Group Corp., No. 04 C 7260, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against First Health.

In its suit, EEOC alleged that First Health discriminated against an employee by retaliating against him for filing a charge of discrimination under the Age Discrimination in Employment Act ("ADEA") with EEOC. First Health filed an answer denying these allegations.

To resolve the case, First Health and EEOC have entered into a Consent Decree which provides, among other things, that:

1) First Health will compensate the employee who was the charging party.

2) First Health will not retaliate against any person because (s)he opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, mediated an ADEA charge, or asserted any rights under the Consent Decree;

3) First Health has adopted and distributed to all employees a new Employee Handbook, effective July 1, 2005, which contains a policy against retaliation and will train all its managers and Human Resource personnel at its Downers Grove facility regarding retaliation and its policy.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: First Health Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_11-10-05_
Date

Judge John W. Darrah
United States District Court